UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VALURIE KAYE METTLER,          ) | |
|              Plaintiff,        ) | |
|                                ) | No. 1:25-cv-09 |
| -v-                            ) | |
|                                ) | Honorable Paul L. Maloney |
| MICHIGAN STATE POLICE, *et al.*, ) | |
|              Defendants.       ) | |
|                                ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Mettler, without counsel, filed this complaint alleging violations of her civil rights. The Court granted Plaintiff leave to proceed *in forma pauperis*. The Magistrate Judge conducted an initial review of the complaint and issued a report recommending the Court dismiss the lawsuit for the failure to state a claim upon which relief can be granted (ECF No. 7).

Plaintiff subsequently filed an objection (ECF No. 8) and an amended complaint (ECF No. 9). The Court will adopt the report and recommendation and will dismiss the lawsuit.

I.

Plaintiff may amend her complaint as a matter of course and without seeking leave of the Court. Rule 15 of the Federal Rules of Civil Procedure governs amending and supplementing a complaint. Rule 15(a)(1) provides "A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service under 12(b), (e), or (f),

whichever is earlier." Plaintiff filed her complaint on January 3, 2025, and filed the amended complaint 26 days later on January 29. The Clerk did not issue any summons and no defendant had been served. Courts have interpreted the current version of Rule 15(a)(1)(A) as permitting a plaintiff to file an amended complaint once up to 21 days after service of the summons and complaint. *See United States ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 192-93 (1st Cir. 2015); *Ramierz v. Cty. of San Bernardino*, 806 F.3d 1002, 1007-80 (9th Cir. 2015); *e.g., Lott v. Campbell*, No. 2021 WL 243148, at *2 (E.D. Mich. Jan. 25, 2021) (quoting Rule 15(a)(1) and concluding that "Lott filed a motion to amend before service of his petition and is therefore entitled to amendment as a matter of course.").

The Court will consider the Report and Recommendation and Plaintiff's objections. Ordinarily, filing an amended complaint renders the prior complaint a nullity. *See Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) (citing 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)). In her amended complaint, Plaintiff explains that she misidentified one of the defendants in the initial complaint (ECF No. 9 ¶ 18 PageID.125). The amended complaint corrects the misidentification (*id.* ¶ 20 PageID.125). Plaintiff asserts that all of the "claims and allegations ... are to stay unchanged other than the name correction of Brian to Mark" (*id.* ¶ 21 PageID.126). A comparison of the initial complaint and the amended complaint establishes that the factual assertions, the causes of action, and the prayers for relief remain the same. The minor alteration in the complaint does not materially affect the findings of fact or conclusions of law in the Report and Recommendation.

## II.

Plaintiff alleges Defendants arrested her while she was in Indiana and not in Michigan. Plaintiff also contends the warrant for her arrest contains procedural errors and deliberate misrepresentations. She asserts Defendants violated her civil rights and brings causes of action for violations of the Fourth Amendment, violations of procedural due process under the Fifth and Fourteenth Amendments, for malicious prosecution, and for a conspiracy to violate her civil rights.

The Magistrate Judge recommends dismissing the lawsuit on the basis of *Younger v. Harris*, 401 U.S. 37 (1971). Plaintiff currently faces criminal charges in the Michigan courts for forgery and for uttering and publishing. The Magistrate Judge summarized *Younger* abstention and concludes that the exceptions do not apply.

Plaintiff objects. After being served with a report and recommendation (**R&R**) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court has reviewed Plaintiff's objections. Section 6(a)-(k) and Section 8(a)-(k) amount to little more than disagreement with the Magistrate Judge's application of the law. To raise a proper objection, Plaintiff must do more than assert that the Magistrate Judge was wrong; Plaintiff must explain why the Magistrate Judge was wrong. Plaintiff has not

3

demonstrated that the state proceedings against her do not provide her with an adequate opportunity to raise the federal issues raised in this lawsuit. Merely asserting harassment does not demonstrate that the exception to *Younger* applies. To the extent Plaintiff asserts a breakdown in communication with her attorney, that issue must be raised in the state proceedings

For these reasons, the Court **ADOPTS** the Report and Recommendation (ECF No. 7) and **DISMISSES** this lawsuit. **IT IS SO ORDERED.**

Date:   February 12, 2025                                         /s/  Paul L. Maloney
                                                                            Paul L. Maloney
                                                                            United States District Judge